UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David J. Washington, | ) C/A No. 4:08-316-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Darryl L. Burns, Marion County Magistrate; | ) |
| Diane Scott; | ) |
| Judge Bristow; | ) |
| Sheriff Mark Richardson, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, David J. Washington ("Plaintiff"), proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff files this action *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Docket # 4).[1] The complaint seeks monetary and injunctive relief from government officials.

### *IN FORMA PAUPERIS* AND *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

The complaint reveals that Plaintiff was an unsuccessful litigant in Marion County Summary Court, a court of the State of South Carolina. The Summary Court hearing which resulted in dismissal of Plaintiff's case was held on January 23, 2008. The attachment to the complaint titled "this is my complaint" makes assertions of discrimination by Defendant Burns, use of inaccurate procedures in a hearing, and violation of Plaintiff's constitutional rights under the 5th, 6th, 9th and 14th Amendments. The complaint and attachment both request that this federal court "review" and "look at the documents concerning the outcome of" the state court case.[2] The complaint also requests damages. Liberally construed, Plaintiff asks this Court to review the state court proceeding in an appellate capacity and to award him damages for alleged deprivation of federal constitutional rights. This case is construed as seeking damages pursuant to 42 U.S.C. § 1983.

DISCUSSION

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

---

[2] It is unclear if Plaintiff appealed the Summary Court case in the state court system. Plaintiff filed a previous case in this Court in which the law was explained that a federal district court lacks jurisdiction to review state court proceedings in an appellate capacity. *See Washington v. Elliott*, C/A No. 4:07-619-RBH-TER (D.S.C.). This report reiterates the *Rooker-Feldman* Doctrine.

3

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>ROOKER-FELDMAN DOCTRINE</u>

Plaintiff's claims against the defendants under § 1983 are subject to summary dismissal because, under the *Rooker-Feldman* Doctrine, this Court is without jurisdiction to consider them. This is true because a ruling in favor of Plaintiff on any claim of constitutional violations arising from his Marion County state court litigation would necessarily require this Court to review and possibly overturn legal rulings made in the Marion County Summary Court. *See Shooting Point, L.L.C. v. Cumming*, 368 F.3d F.3d 379, 382-84 (4th Cir. 2004); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir.1997); *see also Gulla v. N. Strabane Twp.*, 146 F.3d 168, 171 (3d Cir. 1998); *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998); *Moccio v. N. Y. State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996).

By claiming that proper procedures were not followed and that he did not receive justice in Marion County Summary Court and by asking this Court to "look over" the "documents concerning the outcome" of the state court proceeding, Plaintiff is clearly requesting this federal district court to review the state court proceedings as would an appellate court. This is fatal to Plaintiff's claims because the proceedings and rulings made in the state court cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the

4

Supreme Court of the United States under 28 U.S.C. § 1257.).[3] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* Doctrine or the *Feldman-Rooker* Doctrine. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006). Because the *Rooker-Feldman* Doctrine is jurisdictional it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

Long-standing precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina State Courts. The *Rooker-Feldman* Doctrine applies to bar the exercise of federal jurisdiction even when a challenge to state court decisions or rulings concerns federal constitutional issues such as those contained in Plaintiff's complaint in this case. *See Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The doctrine also applies even if the state court litigation has not reached a state's highest court - which is the case here since Plaintiff filed this federal civil rights action only eight days after the state court hearing which is the basis of his civil rights complaint. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 (9th Cir. 1986); *see also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); *Robart Wood & Wire Prods. v. Namaco Indus.*, 797 F.2d 176, 178 (4th Cir. 1986).

---

[3]Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257. In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *E.g.*, *Lucas v. S. C. Coastal Council*, 505 U.S. 1003 (1991).

Plaintiff's submission of the complaint in this case, claiming a right to damages for federal constitutional violations by a state court judge, court-support personnel, and sheriff related to his state court case, does not alter the fact that Plaintiff is attempting to have this Court review the proceedings that took place in state court. As stated above, this Court cannot review the state court proceeding in an appellate capacity. *See Anderson v. Colo.*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases); *Fuller v. Harding*, 699 F. Supp. 64, 66-67 (E.D. Pa. 1988). Application of the *Rooker-Feldman* Doctrine should result in dismissal of this case.

B.  <u>IMMUNITY</u>

Furthermore, even if the *Rooker-Feldman* Doctrine did not completely remove all of Plaintiff's claims from the jurisdiction of this Court, there are other reasons why the claims are still not viable in this case. Any claims of constitutional violation by Judge Burns and Judge Bristow in connection with their rulings or other judicial performance in the Marion County state court proceedings are barred under the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates). "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). Immunity presents a threshold question which should be resolved before discovery is even allowed. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather

6

than a mere defense to liability").  Defendants Burns and Bristow could be dismissed as defendants in this case based on absolute judicial immunity.

The same result is required as to any § 1983 claims against Diane Scott, Secretary for Marion County Summary Court, based on actions taken by the Defendant Scott in connection with the filing and maintenance of Plaintiff's Marion County case because judicial support personnel are entitled to quasi-judicial immunity.  The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).  Defendant Scott could be dismissed in this case based on quasi-judicial immunity.

Also immune from suit is Defendant Richardson, Sheriff of Marion County, sued in his official capacity.  In South Carolina, a sheriff is a state actor in that his official actions are considered that of the State.  *See Cone v. Nettles*, 308 S.C. 109, 112, 417 S.E.2d 523, 524-25 (1992) (citing *Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988).  A suit against a sheriff acting in his official capacity brought in federal court is therefore barred by the Eleventh Amendment.  *McConnell v. Adams*, 829 F.2d 1319, 1328- 29 (4th Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).  *See also Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (finding sheriff to be immune because, in his official capacity, he is "an arm of the state").  The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina.  *See Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000); and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment

7

only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Defendant Richardson, acting in his official capacity, could be dismissed in this case based on Eleventh Amendment immunity.

C. <u>FAILURE TO STATE A CLAIM</u>

Even if not immune from suit, the complaint fails to make any factual allegations against Defendant Bristow, Defendant Scott and Defendant Richardson, which would provide the defendants with notice of what Plaintiff claims each has done to violate his federal rights in this § 1983 action. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). The complaint fails to state a claim against Defendants Bristow, Scott and Richardson upon which relief could be granted under § 1983, and any claim against these defendants could be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 23, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).